## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| LALTITUDE, LLC, a California Limited Liability Company, | Civil Action No. _____ _____ |
| Plaintiff, | |
| vs. | |
| FRESHETECH, LLC, [Bus. Entity]; ADAM SCHWARTZ, an Individual; and DOES 1 to 100, Inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### PLAINTIFF'S VERIFIED COMPLAINT AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

COMES NOW the Plaintiff, Laltitude, LLC ("Plaintiff" or "Laltitude"), and files this Verified Complaint and Application for Temporary and Permanent Injunctive Relief against the Defendants, FresheTech, LLC ("FresheTech") and Adam Schwartz, Individually ("Schwartz"), and Does 1 to 100 inclusive (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1.     This lawsuit has two related parts – the first is for Defendants' infringement of Plaintiff's valid patent of a Bluetooth shower speaker; the second stems from Defendants' knowingly false statements to Amazon regarding the validity of Plaintiff's patent, which resulted in the wrongful takedown of the product listing for Plaintiff's Bluetooth shower speaker on the Amazon platform.

## PARTIES

2.      Plaintiff, Laltitude is a limited liability company organized and existing under the laws of California with its principal place of business located at 17128 Colima Road, Suite 209, Hacienda Heights, CA 91745.

3.      On information and belief, Defendant, FresheTech is a limited liability company organized and existing under the laws of Florida, with its principal place of business at 1211 Pine Ave., Orlando, FL 32824.

4.      On information and belief, Defendant, Schwartz is a natural person who resides in Orlando, Florida. On information and belief, Defendant Schwartz is the Chief Executive Officer of FresheTech.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, including U.S.C. § 271, *et seq*. The jurisdiction of this Court over the subject matter of this action is proper under 28 U.S.C. §§ 1331 and 1338(a).

6.      Plaintiff's state law claims are so related to those under which this Court has original jurisdiction that they form part of the same case and controversy. Supplemental jurisdiction is therefore appropriate over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over FresheTech because it is headquartered in this District. On information and belief,  FresheTech has also done

business in this District, has sold infringing products in this District, and continues to sell infringing products in this District, entitling Plaintiff to relief.

8.      This Court has personal jurisdiction over Schwartz because he is domiciled in this District. On information and belief, Schwartz has also done business in this District, has sold infringing products in this District, and continues to sell infringing products in this District, entitling Plaintiff to relief.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (a), (b)(1), (c), and (d) and § 1400(b).

## LALTITUDE PATENTS

10.      Inventor and applicant Baohua Zhao, filed for U.S. Patent. No. US D742,359 S ("Laltitude US Patent") on December 25, 2013 for the ornamental design of a Bluetooth shower speaker.  The Laltitude US Patent was duly and legally issued by the United States Patent and Trademark Office on November 3, 2015. A true and correct copy of the Laltitude US Patent is attached hereto as "**Exhibit A**." The Laltitude US Patent is valid, enforceable and in full force and effect.

11.      Baohua Zhao assigned all rights under the Laltitude US Patent to Laltitude on November 25, 2015. Laltitude continues to hold all rights and interest in the Laltitude US Patent.

12.    The Laltitude US Patent covers a Bluetooth Shower Speaker, including seven images, three of which are below:



13.    Inventor and applicant Baohua Zhao received Chinese patent # CN302430265S ("Laltitude Chinese Patent") in 2013. This patent was published on May 8, 2013.  The Laltitude US Patent was filed December 25, 2013, within a year of the Laltitude Chinese Patent publication date.  Under 35 U.S.C. § 102 (b)(1)(B) and (b)(2)(B), the Laltitude Chinese Patent acts as a public disclosure of the claimed subject matter by the inventor, thereby excusing as prior art anything that occurred after May 8, 2013. A copy of the Laltitude Chinese Patent is attached hereto as "**Exhibit B**."

14.     The Laltitude Chinese Patent included nine drawings, many of which are substantially identical in form from the Laltitude US Patent, three of which are below:



15.     Laltitude is the owner of the Laltitude Chinese Patent and the Laltitude US Patent and holds the right to sue and recover all damages for infringement thereof, including past infringement.

**<u>SALES OF SHOWER SPEAKERS</u>**

16.     Laltitude makes, sells, and promotes wireless shower speakers under the brand name SoundBot, whose ornamental designs are protected by the Laltitude US Patent and Laltitude Chinese Patent ("Laltitude Speaker").  An image of these products is provided below:



17.     Laltitude started marketing and selling the Laltitude Speakers in 2014. Laltitude markets and sells the Laltitude Speakers on Amazon.com, having an early posting at least as early as March 28, 2014.

18.     On information and belief, Defendants make, sell, and promote wireless shower speakers under the brand name Splash Tunes.  The Defendants' wireless shower speakers include the Splash Tune, Splash Tune Pro, and Splash Tune Pro Dual.  An image of these products is provided below:



19.    On information and belief, after the issuance of the Laltitude US Patent, Defendants have been offering for sale and selling the Splash Tunes products.

20.    On information and belief, Defendants own the website https://freshe.tech/.    Defendants market and sell Splash Tunes products on the FresheTech website.    Below is a screenshot of Defendants' shower speakers currently advertised on FresheTech's website at https://freshe.tech/collections/shower-speakers:



21.    On information and belief, Defendants also market and sell Splash Tunes products through other sellers, including at least Walmart, Amazon.com, and LeftLane Sports.[1]

---

[1] *See,* https://www.walmart.com/ip/Splash-Shower-Tunes-Green-Waterproof-Bluetooth-Shower-Speakers-And-Remote-Used-Like-New/201808071?athbdg =L1700;
https://www.amazon.com/Splash-Tunes-Shower-Speaker-Built/dp/B00HLRXLNI/ ref=sr_1_3?dchild=1&keywords=FRESHeTECH+Splash+Tunes&qid=163294901 9&sr=8-3;
https://www.leftlanesports.com/Product.aspx?l=00000000000000000000&p=FRT 01253&s=00000.

## ALTUS'S ACTION FOR PATENT INFRINGEMENT AGAINST DEFENDANTS FRESHETECH AND SCHWARTZ

22.    On information and belief, third-party Altus Holdings, Inc. ("Altus") applied for U.S. patent No. US D719,138 ("Altus Patent") on January 7, 2014. On the Altus Patent, Schwartz is listed as the applicant and inventor, and Altus is listed as the assignee. The patent was for a waterproof Bluetooth shower speaker ("Altus Speaker") that is virtually identical to the Laltitude Speaker. The Altus Patent was issued on December 9, 2014 ("**Exhibit C**")

23.    The Altus Patent included eight drawings, three of which are below:



FIG. 3        FIG. 1

FIG. 5

24.    The drawings in the Altus Patent are virtually identical to the drawings in the Laltitude Chinese Patent and the Laltitude US Patent.

25.    On November 28, 2014, Altus filed a Complaint against Defendants FresheTech and Schwartz in the United States District Court for the Eastern District of New York, Case No. 1:14-cv-06967-PKC-RML ("Altus Complaint"). In the Altus Complaint, Altus brought causes of action for patent and trademark infringement, breach of contract, unjust enrichment, promissory estoppel, and for tortious interference with prospective economic advantage. A copy of the Altus Complaint is attached hereto as "**Exhibit D**."

26.    In the Altus Complaint, Altus alleged Schwartz assigned ownership of all patent rights, title, and interest to Altus for the Altus Patent. Altus therefore alleged it possessed all rights of recovery under the Altus Patent, including the right to sue for infringement and recover past damages. (Altus Complaint, ¶ 10).

27.    Altus further alleged Schwartz was selling the Altus Speakers owned by Altus and covered by the Altus Patent to the public without the permission or consent of Altus, in violation of the patent rights owned by Altus and which were assigned by Schwartz. (Altus Complaint, ¶ 11).

28.    On March 25, 2016, a stipulation and order of dismissal was filed in regards to the Altus Complaint.

## AMAMAZON SELLER CONTRACT AND DEFENDANTS' TAKEDOWN LETTERS

29.     Laltitude sells the Laltitude Speaker on Amazon.com and all Amazon platforms, with its first posting on or around March 28, 2014.

30.     Since its first posting, Laltitude has sold approximately 860,000 units of the Laltitude Speaker.

31.     If a party makes an allegation of patent infringement involving a specific product, Amazon's policy is to suspend that specific product's listing or product page until an investigation is completed and Amazon determines the patent is valid.

32.     Defendants also sell the Altus Speaker, under the brand name Splash Tunes, which is virtually identical to the Laltitude Speaker, on Amazon.

33.     Because Defendants also sold Splash Tunes products on Amazon's website, Defendants knew of its policies, including Amazon's policy to suspend a product page if another party makes allegations of patent infringement.

34.     On or around August 15, 2021, Schwartz, on behalf of FresheTech, filed a complaint with Amazon, complaint ID # 8728885341, alleging that the Laltitude Speaker infringes on his patent, U.S. patent No. D719138S1, which is the same patent number as the Altus Patent ("Amazon Complaint").

35.     On August 15, 2021, Plaintiff received an email from Amazon stating that the product listing for the Laltitude Speaker had been removed because of the

Amazon Complaint filed by Schwartz. A copy of the August 15, 2021 email that Plaintiff received from Amazon is attached hereto as "**Exhibit E**."

36.    On August 16, 2021, Plaintiff's CEO, Howard Wang contacted Schwartz, informed him that Laltitude had its own patent, including the Laltitude US Patent.  Mr. Wang also informed Schwartz that the Laltitude Patent predates the Altus Patent, and demanded that Schwartz cease and desist from making false claims to Amazon with the goal of removing Plaintiff's product listings. A copy of the August 16, 2021 email that Mr. Howard sent to Schwartz is attached hereto as "**Exhibit F**."

37.    On or about August 16, 2021, Mr. Wang spoke to Schwartz over the phone, and Schwartz demanded $15,000 from Plaintiff to enter into a "licensing agreement" where Schwartz would retract the Amazon Complaint and Plaintiff could resume selling the Laltitude Speaker on Amazon. A copy of the proposed licensing agreement forwarded by Schwartz to Plaintiff on August 19, 2021 is attached hereto as "**Exhibit G**."

38.    On July 27, 2021, Plaintiff submitted the Laltitude Speaker, amongst several other products, to be one of Amazon's "deals of the day" promotion for Black Friday and/or Cyber Monday in November 2021. Plaintiff submitted six products (including color variations) for the promotion, three of which were the Laltitude Speaker in various colors.

39.    On August 26, 2021, Amazon responded to Plaintiff and noted the product listing for the Laltitude Speaker was down and therefore the Laltitude Speaker could not be considered for the Black Friday/Cyber Monday "deal of the day" promotion.

40.    On September 1, 2021, Amazon selected Plaintiff's other three products, of the six that were submitted, for the Black Friday/Cyber Monday "deal of the day" promotion. Because the product listing for the Laltitude Speaker was down, it was removed from the promotion.

41.    Laltitude anticipated approximately $550,000 in sales over Black Friday and Cyber Monday, and that this sales momentum would have continued through the holiday season of 2021. However, due to Defendants' false Amazon Complaint, Laltitude had a significant amount of lost sales.

**FIRST CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP**
**BETWEEN PLAINTIFF AND AMAZON**
**(Against All Defendants)**

42.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

43.    At all relevant times, Plaintiff and Amazon were in a business relationship, in which Plaintiff sold its products, including Laltitude's Speaker, on Amazon's website. This business relationship clearly resulted in, and would have continued to result in, an economic benefit to Plaintiff.

44.     As evidenced by Defendants making Complaint ID # 8728885341 to Amazon on or around August 15, 2021, Defendants knew of Plaintiff's relationship with Amazon.

45.     Defendants engaged in wrongful conduct and intentionally interfered with the business relationship between Plaintiff and Amazon by submitting the Amazon Complaint, when they knew that the claims for patent infringement were baseless and false.

46.     By engaging in this conduct, Defendants intended to disrupt the business relationship between Plaintiff and Amazon. Further, since Defendants also sold products on Amazon's website and knew of its policies, Defendants knew that a disruption of the business relationship between Plaintiff and Amazon was certain to occur.

47.     The business relationship between Plaintiff and Amazon was disrupted when Amazon suspended Plaintiff's product listing for Laltitude's Speaker on or about August 15, 2021.

48.     The business relationship between Plaintiff and Amazon was further disrupted when the Laltitude Speaker was not selected for the Black Friday/Cyber Monday "deal of the day" promotion.

49.     Because of Defendants falsely submitting the Amazon Complaint, Plaintiff was harmed in an amount to be proven at trial, but includes, at a minimum,

over $550,000 in lost sales.

50.     Defendants' false submittal of the Amazon Complaint was the sole cause of Amazon's suspension of Plaintiff's product listing for Laltitude's Speaker and was therefore a substantial factor in causing Plaintiff harm.

51.     Defendants further acted with malice in knowingly making the false Amazon Complaint and demanding $15,000 from Plaintiff in exchange for a licensing agreement, thereby warranting an award of punitive damages.

**SECOND CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP**
**BETWEEN PLAINTIFF AND ITS CUSTOMERS**
**(Against All Defendants)**

52.     Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

53.     At all relevant times, Plaintiff and its customers were in a prospective business relationship, in which Plaintiff sold its products, including Laltitude's Speaker, on Amazon's website to its customers. This business relationship clearly had resulted and would have continued to result in an economic benefit to Plaintiff.

54.     As evidenced by Defendants making Complaint ID # 8728885341 to Amazon on or around August 15, 2021, Defendants knew of Plaintiff's relationship with its customers on Amazon.

55.     Defendants engaged in wrongful conduct and intentionally interfered with the business relationship between Plaintiff and its customers by submitting the

Amazon Complaint, when they knew that the claims for patent infringement were baseless and false.

56.    By engaging in this conduct, Defendants intended to disrupt the business relationship between Plaintiff and its customers. Further, since Defendants also sold products on Amazon's website and knew of its policies, Defendants knew that a disruption of the business relationship between Plaintiff and its customers was certain to occur.

57.    The business relationship between Plaintiff and its customers was disrupted when Amazon suspended Plaintiff's product listing for Laltitude's Speaker on or about August 15, 2021.

58.    The business relationship between Plaintiff and its customers was further disrupted when the Laltitude Speaker was not selected for the Black Friday/Cyber Monday "deal of the day" promotion.

59.    Because of Defendants falsely submitting the Amazon Complaint, Plaintiff was harmed in an amount to be proven at trial, but includes, at a minimum, over $550,000 in lost sales.

60.    Defendants' false submittal of the Amazon Complaint was the sole cause of Amazon's suspension of Plaintiff's product listing for Laltitude's Speaker and was therefore a substantial factor in causing Plaintiff harm.

61.    Defendants further acted with malice in knowingly making the false Amazon Complaint and demanding $15,000 from Plaintiff in exchange for a licensing agreement, thereby warranting an award of punitive damages.

### THIRD CAUSE OF ACTION
### TRADE LIBEL
### (Against All Defendants)

62.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

63.    In falsely submitting the Amazon Complaint to Amazon, a third party, and alleging the Laltitude Speaker infringed on established patents, Defendants clearly disparaged the quality and reputability of the Laltitude Speaker.

64.    The Amazon Complaint and its allegation that the Laltitude Speaker infringed on established patents was clearly untrue. The Laltitude US Patent for the Laltitude Speaker was applied for on December 25, 2013 and issued on November 3, 2015. The Altus Patent for the Altus Speaker was applied for on January 7, 2014 and issued on December 9, 2014. While the Altus Patent was issued before the Laltitude US Patent, the application for the Laltitude US Patent preceded the application for the Altus Patent by two weeks. Further, the Laltitude Chinese Patent was published on May 8, 2013, eight months before the application for the Altus Patent. By the time Defendants filed the Amazon Complaint on August 15, 2021, the Laltitude US Patent had been issued, showing that the application date preceded

application date of the Altus Patent.

65.     Defendants knew that the Amazon Complaint, and its allegation that the Laltitude Speaker infringed on established patents, was untrue because both the application for the Laltitude US Patent and the publication of the Laltitude Chinese Patent preceded the application for the Altus Patent. By the time Defendants filed the Amazon Complaint on August 15, 2021, the Laltitude US Patent had been issued, showing that the application date preceded application date of the Altus Patent. At the very least, Defendants acted with reckless disregard of the truth of the statement.

66.     By falsely submitting the Amazon Complaint, Defendants knew or should have recognized that Amazon might act, and indeed did act, in reliance on the false statements, causing Plaintiff's financial loss.

67.     Plaintiff suffered direct financial harm because Amazon acted in reliance on Defendants' false Amazon Complaint and suspended Plaintiff's product listing for Laltitude's Speaker.

68.     Plaintiff suffered further direct financial harm when the Laltitude Speaker was not selected for the Black Friday/Cyber Monday "deal of the day" promotion.

69.     Because of Defendants falsely submitting the Amazon Complaint, Plaintiff was harmed in an amount to be proven at trial, but includes, at a minimum, over $550,000 in lost sales.

70.    Defendants' false submittal of the Amazon Complaint was the sole cause of Amazon's suspension of Plaintiff's product listing for Laltitude's Speaker and was therefore a substantial factor in causing Plaintiff's harm.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FLORIDA DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT (FDUTPA)**
**(Against All Defendants)**

71.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

72.    Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq., declares to be unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.24(1). The provisions of FDUTPA are to be liberally construed to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts and practices in the conduct of any trade or commerce. Fla. Stat. § 501.202(2).

73.    An act is unfair under FDUTPA when it offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).

74.    A deceptive act or practice under FDUTPA is a representation, omission, or other act or practice that is likely to mislead a consumer acting

reasonably under the circumstances to the consumer's detriment. *See PNR, Inc. v. Beacon Prop. Mmgt., Inc*., 842 So. 2d 773, 777 (Fla. 2003).

75.    Defendants are and have been engaged in trade and commerce in the State of Florida.

76.    Plaintiff and its prospective customers are consumers under FDUPTA. Fla. Stat. § 501.203(7).

77.    Defendants' business practices, including, but not limited to, falsely making the Amazon Complaint, misrepresenting the validity of the Laltitude US Patent, and demanding $15,000 from Plaintiff in exchange for a licensing agreement, are unfair, deceptive, and unconscionable and constitute violations of FDUPTA.

78.    Defendants' representations as set forth above are false and misleading and likely to mislead consumers acting reasonably, and/or consumers within the State of Florida were misled by Defendants' misrepresentations in violation of Section 501.204 of FDUTPA.

79.    As described above, Defendants have engaged in deceptive and unfair acts and practices likely to deceive a consumer acting reasonably in violation of the provisions of Section 501.204 of FDUTPA.

80.    Because of Defendants' unfair and deceptive trade practices, Defendants have caused damage to Plaintiff and to consumers in the State of Florida.

81.     In addition, Defendants have been unjustly enriched because of their deceptive acts or practices.

82.     At all material times hereto, Schwartz actively participated in, managed, controlled, and had the authority to control the unfair and deceptive acts and practices of FresheTech, as set forth herein.  Schwartz is thus individually liable for the acts and practices of  FresheTech.

83.     Unless Defendants are permanently enjoined from engaging further in the acts and practices complained of herein, the continued activities of Defendants will result in irreparable injury to Plaintiff, the public, and consumers in the State of Florida, for which there is no adequate remedy at law.

84.     Plaintiff has retained the undersigned firm to represent it in this action and is entitled to recover its attorney's fees pursuant to the provisions of Fla. Stat. § 501.2105 and Fla. Stat. § 501.211(2).

85.     §§ 501.207, 501.2075, and 501.2077 of the Florida Statutes, authorize this Court to grant such relief as this Court finds necessary to redress injury to Plaintiff and its customers resulting from Defendants' violations of FDUTPA, including injunctive relief, the refund of monies paid, the disgorgement of ill-gotten monies, and civil penalties.

## <u>FIFTH CAUSE OF ACTION</u>
## PATENT INFRINGEMENT
### (Against All Defendants)

86.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

87.    The claimed design of the Laltitude US Patent is shown in figures 1, 2, and 6 of the patent and described in the accompanying figure descriptions.  *See* Exhibit A.  Images of the claimed design are shown below:



88.    Defendants offer the Altus Speaker for sale, including through its website, and through other reseller websites, including Amazon.com, Walmart, and others. The Altus Speaker is sold through Defendants' website and other distributors under the brand names of the Splash Tune, Splash Tune Pro, and Splash Tune Pro Dual.  An image of these products is provided below:



89.    In the eye of the ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the Laltitude Patent and the design of the Altus Speaker shown above are substantially the same, such that the ordinary observer would be deceived into believing that the design of the Altus Speaker is the design claimed in the Laltitude US Patent.

90.    Laltitude did not give Defendants authorization or license to make, use, offer to sell, or sell the Altus Speaker.  Defendants have applied the Laltitude US Patent patented design, or at least a colorable imitation thereof, to the Altus Speaker for purpose of sale.  Defendants sell and offer for sale the Altus Speaker to which the Laltitude US Patent patented design, or at least a colorable imitation thereof, has been applied.

91.    On information and belief, Defendants design, manufacture, market, import, and sell the Altus Speaker, which infringes the claim of the Laltitude US Patent under 35 U.S.C. § 271 by having substantially the same ornamental design as

the design claimed in the Laltitude US Patent.

92.    Defendants have directly infringed, and continue to directly infringe, the Laltitude US Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale the Altus Speaker within the United States, and/or by importing the Altus Speaker into the United States. Plaintiff makes this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court's Local Rules and any applicable Patent Local Rules, and/or as is otherwise appropriate.

93.    In addition, Defendants have induced, and continue to induce, infringement of at least one claim of the Laltitude US Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including its customers and end users) to infringe the Laltitude US Patent with the specific intent to encourage their infringement. On information and belief, Defendants induce such infringing acts and know or are willfully blind to the fact that their actions would induce actual infringement of the Laltitude US Patent. Defendants had actual notice of the Laltitude US Patent at least upon the filing or service of this Complaint.

94.     Plaintiff is entitled to damages in accordance with 35 U.S.C. § 284.  As a result of Defendants' infringement, Plaintiff is entitled to damages of at least a reasonable royalty for the infringement, lost profits, and/or disgorgement of Defendants' profits for each Altus Speaker to which Defendants have applied the Laltitude US Patent patented design or a colorable imitation thereof.

## WILLFUL INFRINGEMENT

95.     On information and belief, Defendants' infringement of the Laltitude US Patent is willful and deliberate, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

96.     Defendants had prior knowledge of the patented technology because Laltitude contacted Adam about the Laltitude US Patent at least as early as August 16, 2021.

## IRREPARABLE INJURY

97.     Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

98.     Monetary damages at a later time would not adequately compensate Plaintiff for the injuries it has sustained, continues to sustain, and will sustain as a result of Defendants' actions as described above, and/or such compensation cannot be measured.

99.     If preliminary injunctions that: (1) enjoin Defendants and their officers, agents, servants, employees, attorneys, and those persons and entities in active concert of participation with them from selling, marketing, or distributing the Altus Speaker on any platform, including Amazon; and (2) enjoin Defendants and their officers, agents, servants, employees, attorneys, and those persons and entities in active concert of participation with them from filing, or enabling, assisting, or otherwise encouraging third parties from filing, any complaint, including but not limited to claims for patent or trademark infringement, on any Amazon platform regarding the Laltitude Speaker, are not granted, consumers will be confused as to Laltitude's products, and Laltitude will lose customers and market share in the highly competitive online retail space.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

1.     For compensatory damages in an amount to be determined at trial;

2.     For punitive or exemplary damages in an amount to be determined at trial;

3.     For prejudgment interest in an amount to be determined at trial;

4.     For a preliminary and permanent injunction that enjoins Defendants and their officers, agents, servants, employees, attorneys, and those persons and entities in active concert of participation with them from selling, marketing, or

distributing the Altus Speaker on any platform, including Amazon;

5.      For a preliminary and permanent injunction that enjoins Defendants and their officers, agents, servants, employees, attorneys, and those persons and entities in active concert of participation with them from filing, or enabling, assisting, or otherwise encouraging third parties from filing, any complaint, including but not limited to claims for patent or trademark infringement, on any Amazon platform regarding the Laltitude Speaker;

6.      For the refund of monies paid, the disgorgement of ill-gotten monies, attorneys' fees and civil penalties pursuant to the FDUTPA;

7.      For a judgment in favor of Plaintiff that Defendants have infringed the Laltitude US Patent;

8.      For an order finding that Defendants' infringement is willful and enhancing damages pursuant to 35 U.S.C. § 284;

9.      For an order finding that this is an exception case under 35 U.S.C. § 285 and awarding appropriate relief, including reasonable attorneys' fees, costs, and expenses;

10.     For an accounting of all infringing sales and other infringing acts by Defendants, and an order compelling an accounting of infringing acts not presented at trial and an award by the Court of additional damages for such acts; and

11.    Any other relief to which Plaintiff is entitled or that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues on which trial by jury is available under applicable law.

Dated this **10th** day of November, 2021.

Respectfully submitted,

*/s/ Donald A. Blackwell*
**DONALD A. BLACKWELL**
Fla. Bar No. 370967
Don.blackwell@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
1064 Greenwood Blvd., Suite 212
Orlando, Florida 32746
Tel.: 407.585.7600; Fax: 972.585.7610
Attorneys for Plaintiff, LALTITUDE LLC

## DECLARATION

Under penalties of perjury, I, Donald A. Blackwell, hereby declare that I have read Plaintiff's Verified Complaint and Application for Temporary and Permanent Injunctive Relief and hereby verify and declare that the facts stated in it are true to the best of my knowledge and belief.

*/s/ Donald A. Blackwell*

27

## <u>CERTIFICATE OF SERVICE</u>

On November 10, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the Middle District of Florida, using the electronic filing system of the court. I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure.

*/s/ Donald A. Blackwell*