**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LALTITUDE, LLC,

       Plaintiff,

v.                                             Case No:   6:21-cv-1879-PGB-LHP

FRESHETECH, LLC and ADAM
SCHWARTZ,

       Defendants.

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS, FRESHETECH, LLC AND ADAM SCHWARTZ' AMENDED MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND FOR SANCTIONS UNDER RULE 11, FEDERAL RULES OF CIVIL PROCEDURE (Doc. No. 26)
>
> **FILED:** May 3, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.    BACKGROUND.**

On November 10, 2021, Plaintiff Laltitude, LLC instituted this action against

Defendants Freshetech, LLC and Adam Schwartz, alleging claims of tortious interference with business relationships; trade libel; violation of the Florida Deceptive and Unfair Trade Practices Act; and patent infringement.  Doc. No. 1.  On *sua sponte* review, the Court dismissed the initial complaint without prejudice as a shotgun pleading.  Doc. No. 7.  In compliance with that Order of dismissal, Plaintiff filed an amended complaint on November 17, 2021.  Doc. No. 8.

On February 10, 2022, the Court issued an Order to Show Cause directed to Plaintiff because Plaintiff had not effected proper service on Defendants within the 90 days allowed by Federal Rule of Civil Procedure 4(m).  Doc. No. 11.  On February 23, 2022, Plaintiff responded to the Order to Show Cause.  Doc. No. 12.  In its response, Plaintiff explained that it had been diligently attempting to effect service, but to date had been unsuccessful.  *Id.* at 1–2.  Specifically, Plaintiff recited that:

> Plaintiff's California counsel, Robin Jung, has also spoken to an attorney named Marvin Rannells who purports to be Defendants' counsel.  When Mr. Jung asked Mr. Rannells on November 23, 2021 to accept service of the First Amended Complaint on behalf of Defendants, pursuant to the Federal Rule of Civil Procedure 4(d), Mr. Rannells refused.  Subsequently, Mr. Jung reiterated the request for Mr. Rannells to accept service on December 29, 2021 and January 17, 2022.  The parties also discussed Plaintiff's intention to file a Second Amended Complaint to add additional claims and allegations against Mr. Schwartz.  While Mr. Rannells did not agree to accept service of the yet to be filed Second Amended Complaint, he agreed to "assist [Plaintiff] with service" once it is filed.

*Id.* at 3. Embedded in the response was a request for additional time to effect service, which, upon consideration, the Court granted, permitting Plaintiff through April 25, 2022 to file proof of service of the summonses and amended complaint on Defendants. Doc. No. 13. Plaintiff thereafter moved to file a second amended complaint, which the Court permitted, and which Plaintiff filed on March 18, 2022. Doc. Nos. 14–16.

On April 21, 2022, Plaintiff moved for another extension of time to serve Defendants, this time adding that after it filed its second amended complaint:

> On March 30, 2022, Plaintiff sent Mr. Rannells a Notice of Lawsuit and Request to Waive Service, via Federal Express, to Mr. Rannells pursuant to Fed. R. Civ. P. 2. As a courtesy, Plaintiff also provided Mr. Rannells with a prepaid Federal Express envelope for his use in returning the signed waiver form.
>
> On April 1, 2022, Mr. Rannells acknowledged receipt of the of the Notice of Lawsuit and Request to Waive Service for both Defendants. On April 18, 2022, Mr. Rannells confirmed, via email, his willingness and intent to accept service of the [second amended complaint] on behalf of both Defendants on or before April 29, 2022. He also asked that counsel for Plaintiff correct what Mr. Rannells deemed to be some content and formatting issues in the Notice and Request to Waive, which the undersigned immediately addressed by return email. Thus, Plaintiff anticipates, based on Mr. Rannells' representations that the waivers will be executed and returned no later than April 29, 2022.

Doc. No. 17, at 2–3.

Based on Plaintiff's representations, the Court granted the request and extended the deadline for Plaintiff to file proof of service of the second amended complaint on Defendants through May 24, 2022. Doc. No. 18.

On April 22, 2022, counsel for Defendants filed a notice of limited appearance, "for the sole purpose of challenging Service of Process in this matter." Doc. No. 19. The same day, Defendants filed a Motion to Dismiss for Insufficient Service of Process and for Sanctions Under Rule 11, Federal Rules of Civil Procedure. Doc. No. 20. However, the Court denied that motion without prejudice for failure to comply with Local Rule 3.01(g). Doc. No. 23. On May 3, 2022, Defendants filed an amended motion, this time indicating that Plaintiff opposes. Doc. No. 26. In the motion, Defendants argue that "Plaintiff by and through Plaintiff counsel has misled the Court to obtain favorable Orders to Extend Time for Service," and they seek dismissal thereon. *Id.* at 2.

Plaintiff has filed a response in opposition, and Defendants, a reply. Doc. Nos. 27, 34. The motion has since been referred to the undersigned, and the matter is ripe for review. Upon review, the motion will be denied.

**II.   LEGAL FRAMEWORK.**

   A.   <u>Sufficiency of Service</u>.

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). Doc. No. 26. Under Rule 12(b)(5), a case may be dismissed

for insufficient service of process if the defendant is not served in accordance with Federal Rule of Civil Procedure 4. "Initially the defendant has the burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4. Once the defendant carries that burden, then the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process." *Fru Veg Mktg. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (quotation marks and citation omitted). "If the plaintiff can establish that service was proper then the burden shift[s] back to the defendant to bring strong and convincing evidence of insufficient process." *Id.* (quotation marks and citation omitted).

  B. <u>Rule 11 Sanctions</u>.

Defendants' motion also requests sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. Doc. No. 26. The Court may impose sanctions under Rule 11 "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success . . .; [or] (3) is filed in bad faith for an improper purpose." *Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1341 (11th Cir. 2018) (alterations in original) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). Rule 11 "incorporates an objective standard." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). The Court must

"determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Id*.

Procedurally, a motion for sanctions:

> must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).

**III.   ANALYSIS.**

As discussed above, Defendants' motion is styled as one seeking dismissal of this case under Rule 12(b)(5) for improper service. Doc. No. 26. However, given that the Court extended the deadline for Plaintiff to effect service on Defendants through May 24, 2022, *see* Doc. No. 18, and Defendants filed the above-styled motion on May 3, 2022, *see* Doc. No. 26, prior to expiration of that deadline, the 12(b)(5) motion is, at the very least, premature. *See, e.g., Johnson v. Wells Fargo & Co.*, No. 1:20-CV-2074-TWT-JSA, 2020 WL 10054620, at \*4 (N.D. Ga. July 31, 2020) (Rule 12(b)(5) motion is premature if filed before the time for the plaintiff to serve

the defendants has expired).  Thus, to the extent that Defendants seek dismissal under Rule 12(b)(5), such request will be denied without prejudice.[1]

In substance, however, what Defendants are really arguing is that Plaintiff's requests for extensions of time to perfect service contained misrepresentations and were unsupported by good cause, and thus, the Court was misled in granting those requests.  Doc. No. 26, at 4–8 ¶¶ 11–24.  So, Defendants appear to be asking the Court to reconsider and/or set aside its Orders, both of which were issued by the undersigned.  *See* Doc. Nos. 13, 18.  Therefore, the Court construes the motion as a motion to set aside/reconsider those prior Orders.  *See id.*

---

[1] Given that Defendants' request to dismiss the case under Rule 12(b)(5) is premature, and the denial of Defendants' motion insofar as it seeks relief under Rule 12(b)(5) will be denied without prejudice to Defendants later raising the issue, if appropriate, the undersigned issues this ruling by Order, rather than Report and Recommendation.  *See, e.g.*, *Ortiz v. Apple Computer, Inc.*, No. 6:18-cv-646-Orl-40DCI, 2018 WL 8584158, at *2 (M.D. Fla. Aug. 31, 2018) (denial of motion to dismiss without prejudice by order of magistrate judge); *Cummings v. Cameron*, No. 6:17-cv-1897-Orl-41DCI, 2018 WL 7351719, at *3 (M.D. Fla. Apr. 10, 2018) (magistrate judge order denying motion to dismiss without prejudice); *Hewitt v. Mobile Reach Int'l*, No. 6:06-cv-1105-Orl-31KRS, 2007 WL 219973, at *1 (M.D. Fla. Jan. 26, 2007) (magistrate judge order denying motion to dismiss without prejudice).  *See also Holland v. Cardem Ins. Co., Ltd*, No. 1:19-cv-02362 (TSC/GMH), 2020 WL 9439381, at *15 n.7 (D.D.C. June 22, 2020) (collecting authority for the proposition that "Courts generally find that the denial without prejudice of a motion to dismiss or similar motion is a non-dipositive matter that a magistrate judge has the power to resolve in an order rather than a report and recommendation.").  And given that, as discussed below, the motion is in effect a motion for reconsideration of the undersigned's prior Orders (Doc. Nos. 13, 18), the motion for reconsideration is likewise addressed by Order. *See, e.g.*, *Robinson v. Peterkin*, No. 6:15-cv-1896-Orl-22KRS, 2018 WL 10440593, at *1 (M.D. Fla. Mar. 13, 2018) (magistrate judge order denying motion for reconsideration of the magistrate judge's order).

Several of Defendants' allegations in this regard pertain to the time period before the Court's February 10, 2022 Order to Show Cause issued – January 19, 2022 through February 9, 2022 – a period during which Defendants state that they agreed to accept service, but Plaintiff failed to effect it. *See, e.g.*, Doc. No. 26 ¶ 14. Defendants claim prejudice by Plaintiff's delay in effecting service because, according to Defendants, the Court should have dismissed this case on February 9, 2022. *Id.* ¶ 24.

In support of their argument, Defendants point to only one statement from Plaintiff that could even be construed as a misrepresentation. Specifically, in response to the Court's February 9, 2022 Order to Show Cause, Plaintiff stated that "[w]hile [defense counsel] did *not* agree to accept service of the yet to be filed Second Amended Complaint, he agreed to 'assist [Plaintiff] with service' once it is filed." *See* Doc. No. 12, at 3 (emphasis added). However, Defendants provide a January 19, 2022 email in which defense counsel states: "we will accept service of the Amended Complaint . . . . I will be happy to assist you with service of same." *See* Doc. No. 26-1, at 1–2.

Upon consideration, the Court does not find this lone statement by Plaintiff in response to the Order to Show Cause[2] sufficient to set aside and/or reconsider

---

[2] Defendants also take issue with Plaintiff's second motion for extension of time to

the prior Orders permitting Plaintiff extensions of time to perfect service. *See generally Floyd v. Stoumbos*, No. 6:20-cv-353-Orl-40EJK, 2020 WL 10352269, at *2 (M.D. Fla. Oct. 16, 2020) ("Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. . . . . [T]he moving party must set forth 'strongly convincing' reasons for the Court to change its prior decision.") (citations omitted).  Although Defendants appear correct that Plaintiff's statement that defense counsel had *not* yet agreed to accept service was factually inaccurate, *compare* Doc. No. 12, at 2, *with* Doc. No. 26-1, at 1, Defendants point to nothing else in Plaintiff's response (Doc. No. 12) that supports Defendants' claim that Plaintiff was intentionally misleading the Court, particularly given that Plaintiff's response was partially premised on its unsuccessful efforts to serve Defendants, which Defendants do not adequately

---

effect service filed on April 21, 2022, in that Plaintiff's motion was allegedly "disingenuous" because Plaintiff provided the Court with only part of defense counsel's position.  Doc. No. 26, at 7 ¶ 21.  Given that Plaintiff represented to the Court that defense counsel indicated willingness to accept service, *see* Doc. No. 17, at 3, and Defendants' acknowledgement that their counsel stated "I am willing and waiting to accept service on behalf of the Defendants," *see* Doc. No. 26, at 7 ¶ 21, the Court finds Plaintiff's omission regarding counsel's threat of sanctions unavailing.

- 9 -

dispute.  *See* Doc. Nos. 26, 34.[3]  Nor do Defendants dispute Plaintiff's assertion that prior to January 19, 2022, defense counsel had indeed refused to accept service. *See* Doc. No. 27, at 2; Doc. No. 34.  Importantly, Defendants' counsel reiterated his commitment to accept service of the second amended complaint *after* the February 9, 2022 service deadline, *see* Doc. No. 26-2, at 1; Doc. No. 27-2, at 2, which runs contrary to Defendants' claim of prejudice.  And notably, Defendants cite no pertinent legal authority to support their position, *see* Doc. No. 26, at 10–16, and as discussed above, Rule 12(b)(5) does not support it.[4]

---

[3] In their motion, Defendants provide a lengthy recitation of the Federal Rules of Civil Procedure and the Florida Statutes applicable to service, but that recitation is merely followed by the conclusory statement that "Plaintiff's counsel sought none of the remedies for service prior to the expiration of the deadline for service of process under Federal Rules of Civil Procedure."  *See* Doc. No. 26, at 11–15.  Defendants also suggest that they provided Plaintiff with a home address for Mr. Schwartz, and that Plaintiff did not attempt service at that address.  *See id.* at 3.  Defendants provide no documentation for this assertion, and do not otherwise dispute Plaintiff's representations that service was attempted on FresheTech and Mr. Schwartz via the address provided for FresheTech with the Florida Division of Corporations, Mr. Schwartz being FresheTech's registered agent, as well as at an alternate Oviedo address.  *See* Doc. Nos. 12-1, 12-2, 12-3.  Defendants also contend that Plaintiff "did not seek service of process until such time as negotiations [after December 9, 2021] failed."  Doc. No. 26, at 3.  But the record contradicts this assertion. *See* Doc. Nos. 12-1, 12-2, 12-3.

[4] This is not to say that the Court condones Plaintiff's obvious misstatement in response to the Order to Show Cause that Defendants had refused to accept service.  *See* Doc. No. 12, at 2.  But, the Court accepts Plaintiff's response that it was a misunderstanding given that defense counsel initially refused service, but subsequently stated both that he would accept service of the amended complaint, but separately that after receiving the amended complaint he would assist with service.  *See* Doc. No. 27, at 9.  And Defendants do not address this assertion in reply.  *See* Doc. No. 34.  Thus, the Court merely finds by this Order that this discrepancy does not warrant the relief

The bottom line is that pursuant to prior Order, Plaintiff's deadline to effect service was May 24, 2022. Defendants agreed to accept service prior to expiration of that deadline, and explicitly acknowledge that they received proper service forms on April 11, 2022, prior to expiration of that deadline. *See* Doc. No. 26, at 6 ¶ 19.[5] Instead of completing the forms, or requesting additional time if necessary, Defendants elected to file this motion, which is unsupported by legal authority in line with their position.

Accordingly, for these reasons, the Court declines to reconsider and/or set aside its Orders permitting extensions of time for service of process. *See* Doc. Nos.

---

Defendants seek. *See also H.G. Props., LLC v. Ginn Cos., LLC*, No. 3:09-cv-735-J-34JRK, 2010 WL 11515292, at *4 (M.D. Fla. Sept. 28, 2010) (extending time for service even absent good cause by the plaintiff). Counsel for Plaintiff shall take care in the future to ensure the accuracy of representations to the Court.

[5] To the extent that Defendants are arguing that Plaintiff's April 11, 2022 submission of the proper service forms was untimely because it would leave insufficient time for Defendants to complete the forms before the prior April 25, 2022 deadline for service, *see* Doc. No. 26, at 6 ¶¶ 17, 19, 24; *see also* Doc. No. 13, the Court finds this argument unavailing. Plaintiff filed a second amended complaint on March 18, 2022, Doc. No. 16, Plaintiff sent the amended complaint to defense counsel the same day (albeit with blank service forms), *see* Doc. No. 26, at 5 ¶ 16, and Plaintiff initially sent completed service forms on March 30, 2022. *See id.* at 6 ¶ 19. Defendants' argument appears to be based simply on an assertion from defense counsel that he would not complete the service forms before the deadline, given the allowance for completing the forms under the Federal Rules of Civil Procedure. *See* Doc. No. 27-3, at 3; Doc. No. 27-5, at 3 ¶ 12. In any event, Plaintiff's second request for an extension to serve Defendants was based explicitly on defense counsel's representations that the service forms would be completed by April 29, 2022, *see* Doc. No. 17, at 3, Defendants do not argue to the contrary, *see* Doc. Nos. 26, 34, and the Court granted the request, *see* Doc. No. 18. The Court discerns no reason to overturn that ruling, given that Defendants do not dispute the basic facts pertinent thereto.

13, 18. Given that the Court declines to set aside those Orders, Defendants' request for dismissal on the basis that Plaintiff has failed to timely effect service is due to be denied without prejudice given that Defendants filed the above-styled motion before the time for service elapsed.

The request for Rule 11 sanctions is also due to be denied because Defendants' motion fails to demonstrate compliance with the Rule 11 safe harbor provision. *See* Doc. No. 26.[6] Defendants do not address in reply Plaintiff's argument that Defendants failed to comply with Rule 11 because not only is this motion for sanctions not a "separate" motion as Rule 11 requires, but Defendants also did not serve the motion on Plaintiff prior to filing it. *See* Doc. No. 27, at 6–8; Doc. No. 34. *See also* Fed. R. Civ. P. 11(c)(2); *Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2018 WL 10436237, at *1 (S.D. Fla. Nov. 8, 2018) ("Failure to abide by the 21-day safe harbor provision requires denial of a motion for Rule 11 sanctions."); *Hyman v. Borack & Assocs., P.A.*, No. 8:12-cv-1088-T-23TGW, 2012 WL 6778491, at *3

---

[6] Given that the Court denies the requested sanction of dismissal, the undersigned issues an Order, rather than a Report and Recommendation. *See Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2018 WL 10436237, at *1, n.1 (S.D. Fla. Nov. 8, 2018) ("Even [where] a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction,' then the order is treated as not dispositive under Federal Rule of Civil Procedure 72(a).") (first quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995), then citing *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 767, 683 n.2 (S.D. Fla. 2012) (explaining that magistrate judge has authority to enter a sanctions order, as opposed to a report and recommendations, when sanctions are denied)).

- 12 -

(M.D. Fla. Dec. 17, 2012), *report and recommendation adopted*, 2013 WL 68534 (M.D. Fla. Jan. 4, 2013) (failure "to serve a copy of the actual motion for sanctions upon the plaintiff at least 21 days prior to its filing with the court warrants denial of [a Rule 11] motion" (citing, *inter alia*, *In re Miller*, 414 F. App'x 214, 218 n.4 (11th Cir. 2011))).[7]

## IV. CONCLUSION.

For the reasons stated herein, Defendants, FresheTech, LLC and Adam Schwartz' Amended Motion to Dismiss for Insufficient Service of Process and for Sanctions Under Rule 11, Federal Rules of Civil Procedure (Doc. No. 26) is **DENIED**, as follows:

>1. To the extent that the motion (Doc. No 26) is seeking relief under Rule 12(b)(5), it is **DENIED without prejudice as premature**.
>
>2. To the extent that Defendants are seeking reconsideration of the undersigned's prior Orders (Doc. Nos. 13, 18), the Motion (Doc. No. 26) is **DENIED**.

---

[7] Defendants simply state, without citation, that they "gave the Plaintiff an opportunity to correct the errors complained of herein and set[] forth that this complies with the safe harbor provisions of Rule 11." *See* Doc. No. 26, at 18. This lone statement is not sufficient. *See, e.g., Carter v. Smartwatch Sec. & Sound LLC*, No. 5:07-cv-357-Oc-10GRJ, 2009 WL 10670761, at *4 (M.D. Fla. Feb. 10, 2009), *report and recommendation adopted*, 2009 WL 10670595 (M.D. Fla. Mar. 12, 2009) (finding that "warning letters . . . were not sufficient to comply with the safe harbor provision of Rule 11").

3. To the extent that Defendants seek sanctions pursuant to Rule 11, the Motion (Doc. No. 26) is **DENIED for failure to comply with Fed. R. Civ. P. 11(c)(2)**.

It is **FURTHER ORDERED** as follows:

1. Defendants shall have up to and including **November 4, 2022** to execute and return the waiver of service forms received from Plaintiff on April 11, 2022.  Upon receipt, Plaintiff shall promptly file the documents with the Court.  Defendants shall thereafter respond to the second amended complaint within the time set forth in Federal Rule of Civil Procedure 4(d)(3).

2. Alternatively, if Defendants refuse to execute the waivers of service, which refusal shall be communicated to Plaintiff no later than **November 4, 2022**, Plaintiff shall have up to and including **November 25, 2022** to effect proper service on Defendants and file proof thereof.

3. **<u>Absent truly exigent circumstances, these deadlines will not be extended.</u>**

4. A final note.  Based on the representations and both sides' tenor in their respective motion papers, the Court reminds counsel for all parties of their duty to engage in litigation in a civil and cooperative manner.

**DONE** and **ORDERED** in Orlando, Florida on October 24, 2022.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties